IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| RESOURCE MANAGEMENT ASSOCIATES, INC. an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE HAYS GROUP, INC. a Minnesota corporation, *dba* HAYS COMPANIES OF OREGON,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>1) Breach of Contract<br>2) Negligence<br>3) Breach of Fiduciary Duty<br><br>(Mandatory Arbitration Not Required)<br><br>Prayer for Relief: not less than $133,000<br><br>Filing Fee: $560 (ORS 21.160(1)(c)) |

For its Complaint against Defendant, Plaintiff alleges:

1.

Plaintiff Resource Management Associates, Inc. ("Plaintiff" or "RMA") is an Oregon corporation engaged in the business of providing labor and employees to federal agencies of the United States of America. RMA's primary customer is the Bonneville Power Administration ("BPA") which is an agency of the United States Department of Energy.

2.

Defendant The Hays Group, Inc. is a Minnesota corporation doing business in Oregon as Hays Companies of Oregon ("Defendant" or "Hays"). Among other endeavors, Hays is in the business of risk management and commercial insurance procurement.

Page 1 –COMPLAINT
{00192982:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 1 of 7

3.

Beginning in 2007 and continuing until late 2016, Hays acted as the insurance broker for RMA by and through its employees Jennifer Webber and Randy Hughes. In that capacity, Hays agreed to assess the risks presented by RMA's business and procure commercial insurance to protect RMA against those risks. In exchange for these services, RMA agreed to make certain payments to Hays and the insurance carriers that provided insurance.

4.

Through years of meetings, insurance renewals, telephone conversations and emails with RMA principals, Mr. Hughes and Ms. Webber became very familiar with RMA's business and insurance needs. Specifically, Hays was aware that RMA's service contract with BPA required RMA to have $1,000,000 policies of commercial auto, general liability and workman's compensation insurance coverage at all times the BPA contract was in force. Hays was further aware that RMA employed approximately forty other employee/contractors for BPA, in addition to five long-haul truckers, all of whom either drove their own vehicles for RMA's/BPA's business or drove BPA's vehicles in connection with their duties as BPA contractors.

5.

In seeking insurance from Hays, RMA provided detailed job descriptions for all RMA employee/contractors as well as a copy of the BPA contract to enable Hays to properly select and place insurance coverage for RMA. As a result, Hays knew or should have known the business and insurance needs of RMA to properly discharge its obligations under the BPA contract.

6.

In or about August–September of 2015, RMA lost its bid for the renewal of a trucking contract with BPA for RMA's five long-haul truckers, thereby making their insurance coverage unnecessary after the existing trucking contract expired on September 20, 2015. As a result, Lane Kadel contacted Hays and requested that the five truckers be removed from RMA's commercial auto policy. Mr. Kadel explicitly limited his request to these five truckers. No further

Page 2 –COMPLAINT
{00192982:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 2 of 7

modifications were sought. RMA reasonably expected that Hays would otherwise leave the remaining portions of the auto policy in place because RMA was awarded a service contract for the other forty-plus employees who provided skilled trade and labor services for BPA.

7.

Despite the limitation of Mr. Kadel's instructions through emails and a phone calls, Ms. Webber errantly and improperly prepared cancellation documents cancelling RMA's entire auto policy effective October 6, 2015 rather than just remove the five named truck drivers.

8.

In light of RMA's special relationship with Hays and because RMA's requested insurance modifications were so limited, RMA signed the cancellation documents prepared by Ms. Webber. RMA was unaware that the documents did not match RMA's instructions to modify rather than cancel the auto coverage. Webber, Hughes, and Hays were each aware that the cancellation of the entire auto policy could risk RMA's contracts and business and could place RMA in default under the BPA contract for violation of the required insurance.

9.

Ms. Webber, Mr. Hughes and Hays failed to meet with RMA to explain the cancellation paperwork but instead just sent the documents email with a request for Mr. Kadel to sign and return the same. Likewise, Hays, Webber and Hughes failed to properly advise RMA or exercise ordinary care in managing the insurance policies for RMA. The failure to exercise such care resulted in RMA incurring significant loss after it was discovered too late that RMA had no auto coverage.

10.

On February 29, 2016, an RMA employee collided with another vehicle in the State of Washington that resulted in the death of one person and significant injuries to another person. RMA did not learn it had no auto coverage until it reported the claim to Hays on the day of the

//

Page 3 – COMPLAINT
{00192982:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 3 of 7

accident. As a result, a wrongful death/personal injury action was filed against various parties, including RMA.

11.

Following the commencement of the wrongful death action, RMA learned that Hays had cancelled the insurance policy that would have otherwise covered the RMA employee. As a result, RMA was forced to incur substantial expense defending against the wrongful death action and hiring coverage counsel. If Hays had exercised ordinary care in confirming the correct changes to RMA's insurance policy, RMA would not have been required to expend its resources in defense of the wrongful death action and subsequent .

12.

As a result of Defendant's actions, RMA was damaged in an amount to be proven at trial, but not less than $133,000.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

13.

RMA incorporates and realleges paragraphs 1 through 12.

14.

RMA and Hays were each subject to an agreement whereby Hays would exercise ordinary care to assess the risks presented by RMA's business. Hays would further procure commercial insurance to protect RMA from unnecessary exposure to the risks perceived by Hays and to meet the insurance requirements of the BPA contract. RMA reasonably relied on Hays to exercise such care in its performance of services for RMA.

15.

Contrary to this agreement, Hays took steps in direct conflict to the interests of RMA and Hays' own understanding of RMA's business. Hays cancelled RMA's entire auto insurance

///

Page 4 –COMPLAINT
{00192982:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 4 of 7

policy despite having no instruction to do so and despite it being contrary to their agreement and the known business requirements of RMA.

16.

Defendant's actions and inactions constituted a breach of its agreement with RMA. As a result of this breach RMA incurred damages in an amount to be proven at trial, but believed to be not less than $133,000.

**SECOND CLAIM FOR RELIEF**
(Negligence)

17.

RMA incorporates and realleges paragraphs 1 through 16.

18.

As a result of Defendant's negligent actions, RMA was required to incur costs, expenses, and attorney fees that would otherwise be unnecessary or would have been paid by the insurance.

19.

Hays was negligent in one or more of the following particulars:

a) Failing to inquire about the desires of RMA with respect to its commercial and automotive insurance policies;

b) Failing to assess the risks to RMA presented by the termination of RMA's commercial and automotive insurance policies;

c) Failing to use ordinary care to confirm the precise changes sought by RMA to its commercial and automotive insurance policies; and

d) Failing to explain the effect of the cancellation instituted by Hays.

20.

As both a proximate and a direct result of Defendant's negligence, RMA was damaged in an amount to be proven at trial, but not less than $133,000, together with prejudgment interest at the rate of 9% per annum.

Page 5 – COMPLAINT
{00192982:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 5 of 7

### THIRD CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

21.

RMA incorporates and realleges paragraphs 1 through 20.

22.

As a risk management professional, agent, and insurance broker, Hays held a trusted, special, and fiduciary relationship with RMA. In this relationship, Hays owed RMA the duty of care, good faith, disclosure, and fair dealing.

23.

Hays' conduct, as set forth generally in the foregoing allegations, and specifically in failing to exercise reasonable care, failing to disclose and discuss its actions, and acting contrary to the interests of RMA, constitute breaches of its fiduciary duties

24.

As a result of Hays' breaches of the fiduciary obligations owed to RMA, RMA has been damaged in an amount to be proven at trial, but no less than $133,000, together with prejudgment interest at the rate of 9% per annum.

WHEREFORE, plaintiff prays for the following relief:

1. For a judgment and money award in favor of plaintiff and against Hays in an amount no less than $133,000, together with pre-judgment interest at the legal rate of nine percent (9%) per annum until paid;

///
///
///
///
///
///
///

Page 6 –COMPLAINT
{00192982:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 6 of 7

2. For plaintiff's costs, disbursements, and attorney fees incurred in this action; and

3. For such further relief as this Court deems proper.

DATED this 23rd day of August, 2018.

        MOTSCHENBACHER & BLATTNER LLP

        s/ Sean Currie Glinka
        Christopher C.S. Blattner, OSB No. 821941
        Sean Currie Glinka, OSB No. 082971
        Of Attorneys for Plaintiff

        Trial Attorney:    Sean Currie Glinka
                                OSB No. 082971

Page 7 – COMPLAINT
{00192982:2}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029
Telephone: 503-417-0500 • Fax: 503-417-0501

Exhibit A - Page 7 of 7